In re Bradley M. STEWART, Debtor.

Bradley M. Stewart, Plaintiff,

v.

JP Morgan Chase Bank as Trustee for Homecoming Financial Network, Inc. and Paul R. Chael, Defendants.

Bradley M. Stewart, Plaintiff,

v.

HSBC Mortgage Services and Paul R. Chael, Defendants.

Bankruptcy No. 05–65503 JPK. Adversary Nos. 08–2110, 08–2109.

United States Bankruptcy Court, N.D. Indiana, Hammond Division.

July 1, 2009.

Catherine Molnar–Boncela, Esq., Merrillville, IN, for the Plaintiff.

Paul R. Chael, Esq., Merrillville, IN, Chapter 13 Trustee.

### ORDER REGARDING FURTHER PROCEEDINGS IN ADVERSARY PROCEEDING

J. PHILIP KLINGEBERGER, Bankruptcy Judge.

Adversary Proceeding Numbers 08–2109 and 8–2110 were initiated by complaints filed on September 30, 2008. The certificate of service filed on September 30, 2008 evidences that the plaintiff sought to effect service of process upon HSBC Mortgage Services, Inc.; JPMorgan Chase Bank; and Homecoming Financial Network—in the manner required by Fed.R.Bankr.P. 7004(h).

JPMorgan Chase Bank is subject to Rule 7004(h)—the other two defendants are not.

The Rule requires service to be effected upon an insured depository institution as follows:

1. If the institution has appeared in a case by an attorney, service of process may be effected by service by first class mail upon that attorney;

2, If the institution has not appeared by an attorney in the case, service must be made by means of "certified mail addresses to an officer of the institution";

3. The entity seeking service may file an application with the court to permit service on the institution by first class mail sent to an officer of the institution designated by the institution—notice of this application is to be served upon the institution by certified mail—and the court's approval of that application; or

4. The institution waives in writing its entitlement to service by certified mail by designating an officer to receive service.

To be as convoluted as is the plaintiff's certificate of service, with respect to service of process on HSBC Mortgage Services, Inc., neither of the options provided by sub-paragraphs 3 and 4 above apply in the context of this adversary proceeding. The certificate of service filed on September 30, 2008 states that service of the summons and complaint was made upon HSBC Mortgage Services, Inc. in multiple ways, none of which comply with Fed. R.Bankr.P. 7004(h). There is no evidence in the record that Gene R. Clark entered an appearance in case number 05–65503 on behalf of HSBC Mortgage Services, Inc.[1]

---

1. The record does establish that Fredric Law- rence entered an appearance on behalf of that

Because no attorney has entered an appearance on behalf of the creditor in case number 05–65503, service upon an attorney as provided for by Fed.R.Bankr.P. 7004(h)(1) is not available. The institution has not filed a written waiver of its entitlement to service by certified mail, and thus the provision of Fed.R.Bankr.P. 7004(h)(3) does not apply. No application has been made to serve the institution pursuant to Fed.R.Bankr.P. 7004(h)(2). The certificate of service establishes that HSBC Mortgage Services, Inc. was served at a common address; was served "c/o Gene R. Clark . . . Attorney for Creditor"; and was served by certified mail, return receipt requested, directed to a registered agent of the institution. While service upon a registered agent may well satisfy the requirements of Fed.R.Bankr.P. 7004(b)(3) with respect to an entity, service upon a registered agent does not constitute service upon an "officer of the institution" as required by Fed.R.Bankr.P. 7004(h). There would thus have been no effective service of process upon HSBC Mortgage Services, Inc., except . . . that entity is not an "insured depository institution" as defined by Rule 7004(n). Because service has been made on its resident agent, service upon this entity has been otherwise effectively made.

With respect to service upon JPMorgan Chase Bank as Trustee for Homecomings Financial Network, Inc., the record establishes first class mail service upon Teresa Dearing, as attorney for that creditor. Attorney Teresa Dearing in fact entered her appearance in case number 05–65503 on October 19, 2005 as counsel for JPMorgan Chase Bank, as Trustee, and the address utilized with respect to service in this ad-

versary proceeding correlates to that stated in Attorney Dearing's appearance. Therefore, service of process upon JPMorgan Chase Bank, as Trustee, is effective in this adversary proceeding pursuant to Fed.R.Bankr.P. 7004(h)(1).[2]

Homecoming Financial Network, Inc. is also not an "insured depository institution", and therefore service upon its registered agent satisfies the requirements of Fed.R.Bankr.P. 7004(b)(3).

We next turn to substantive matters relating to the adversary proceeding. Adversary proceeding numbers 08–2109 and 08–2110 concern implementation of a provision of the debtor's confirmed plan which provides for avoidance of mortgage interests of both JPMorgan Chase Bank, as Trustee, and of HSBC Mortgage Services, Inc. (collectively, "the principal defendants") with respect to the debtor's residential real estate. The plan was premised upon the contention that secured claims having priority over those of the two designated defendants exceeded the value of the residential real estate, and thus that the mortgage interests of the two designated defendants were totally "strippable" under 11 U.S.C. § 1325(a)(5) because those interests did not constitute a "secured claim" within the provisions of 11 U.S.C. § 1322(b)(2). There are divided lines of authority throughout federal courts of the United States on the issue of whether or not a security interest secured only by an interest in real property that is the debtor's principal residence can be "stripped" completely in a circumstance in which secured claims of creditors having priority over those of the subject mortgagee exceed the value of the subject real

creditor; however, that appearance was withdrawn on November 16, 2005.

**2.** JPMorgan Chase Bank appears to be the Trustee for some form of bundled security,

and thus there is an issue as to whether that entity is even subject to Rule 7004(h)(1). The issue is mooted by service under the Rule.

estate, thereby leaving no "equity" to which the interests of the target mortgagee may attach. The court expresses no opinion whatsoever on whether or not any particular line of authority with respect to this issue will be adopted by this court in a contested case. The complaint definitely states a potentially sustainable claim with respect to this issue.

■ However, because a plan provision which provides for stripping in the nature of that involved in the debtor's plan implicates separate procedural devices under Fed.R.Bankr.P. 3012 or Fed.R.Bankr.P. 7001(2), based upon the court's interpretation of *In re Hanson,* 397 F.3d 482 (7th Cir.2005), it is not possible to affect certain interests solely by the provision of a Chapter 13 plan in this circumstance in which a separate procedure is provided with respect to determination of matters relating to those interests. While the court acknowledges that its interpretation of *Hanson* is somewhat broad and unique, it is what it is. To this court, *Hanson* mandates that a Chapter 13 plan, *in and of itself,* cannot affect creditors' interests in a circumstance in which those interests are the subject of a separate procedural mechanism under the Bankruptcy Code. In the context of a plan which proposes a *total stripping* of an alleged subordinate security interest under *Hanson* the creditor is entitled to the procedural mechanism of a contested matter or adversary proceeding addressed specifically to the creditor's property interests. Thus, a Chapter 13 plan which proposes to "strip" allegedly totally unsecured residential mortgages will not be effective to "strip" those mortgages absent the utilization of a separate proceeding, either a contested matter under Rule 3012 or an adversary proceeding under Rule 7001(2). In the instant case, the plaintiff/debtor has followed the proper procedure, and has instituted an adversary proceeding. There are multiple interests subject to 11 U.S.C. § 1322(a)(2) in this case: a first mortgage, a second mortgage, and a third mortgage. If only one allegedly stripable mortgage were involved, the court would—and does—allow the utilization of Fed.R.Bankr.P. 3012 as the mechanism for determining the effectiveness of the "strip down" provision of a debtor's plan. However, when there are more than two "security interests" in a residential property, the provisions of Fed.R.Bankr.P. 7001(2) must be followed to determine the priority of the mortgage interests in relation to the valuation sought to be enforced by the debtor.[3]

■ While the plaintiff/debtor in this case has essentially followed the proper procedure by the utilization of an adversary proceeding, it is much more efficient to join all interested parties in one adversary proceeding, which the court will effectuate by an order of consolidation which will be entered separately.

JPMorgan Chase Bank, as Trustee, and HSBC Mortgage Services, Inc. have been properly served, and have failed to appear or otherwise defend in the case. Fed.R.Bankr.P. 7055 incorporates the provisions of Fed.R.Civ.P. 55(a), which states:

---

**3.** The reason for the differentiation is that a circumstance in which only two security interests are involved implicates primarily the debtor and the security interest deemed by the debtor to be subordinate, and thus involves no contest with another security interest or the interest of another creditor as to its priority. The issue is the valuation of the second security interest. When more than one asserted subordinate security interest is involved, the action implicates not only the asserted (by the debtor) second interest, but also another interest which may contest the debtor's assertion of priority between asserted subordinate interests.

**(a) Entry.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

The provisions of Rule 55(a) are mandatory, and the default of both principal defendants has appeared "otherwise" by the court's review of the record. It is therefore appropriate that an entry of default be made with respect to those defendants pursuant to Fed.R.Bankr.P. 7055/ Fed.R.Civ.P. 55(a). In addition, the Chapter 13 Trustee Paul R. Chael has been made an additional defendant in both adversary proceeding number 08–2109 and in adversary proceeding number 08–2110. Service of process has been effectively made upon him and therefore a clerk's entry of default with respect to that defendant is also appropriate in both adversary proceeding number 08–2109 and in adversary proceeding number 08–2110.

▇▇ Finally, because neither of the principal defendants appeared in either adversary proceeding number 08–2109 or in adversary proceeding number 08–2110, it is appropriate to state the criteria which will be utilized by the court to determine a motion for judgment by default which may be filed by the plaintiff in the consolidated case when it is time to do so. Fed. R.Bankr.P. 7055 again incorporates the provisions of Fed.R.Civ.P. 55(b) with respect to a default judgment. The relief requested by the plaintiff does not invoke the provisions of Fed.R.Civ.P. 55(b)(1), because the complaint does not assert a claim "for a sum certain", but rather requests

relief which requires valuation of property apart from the mere computation of the amount of damages based essentially upon a contractual obligation. Fed.R.Civ.P. 55(b)(2) will thus be applicable. In order to invoke this relief, the plaintiff must "apply to the court" for a judgment by default. In the circumstances of cases such as those initiated by adversary proceeding numbers 08–2109 and 08–2110, it will be necessary for the court to conduct a hearing to investigate the circumstances alleged by the complaint. In this context, in order to be entitled to a judgment by default, the plaintiff must establish a *prima facie* case which evidences the plaintiff's entitlement to the relief requested. As to the underlying cause of action allowing "strip down", the court deems a complaint of the nature of the plaintiff's to establish a *prima facie* claim for relief which allows strip down.[4] However, the parameters of a *prima facie* case—assuming the validity of the underlying "strip down" theory—require factual proof. The relevant value of the real estate is the value of the property on the effective date of the plan (the date of confirmation of the plan)—11 U.S.C. § 1325(a)(5)(B)(ii)—not the value on the date of determination of the adversary proceeding, or the date of the filing of the case. Given the extreme difficulty of coordinating the value to the date of plan confirmation, the valuation date will be the date of trial/hearing with respect to the contested matter/adversary proceeding.

▇▇ With respect to the priority of the liens involved, it is incumbent upon the plaintiff to establish that liens sought to be

---

**4.** Whether or not the court would side with the line of cases which authorizes this result on a contested record in which the defendant mortgagee was adequately represented is another question, and the court expresses no opinion as to the result of a final determination which it might make in this context. Absent a contested issue, in cases of this nature, the court will determine that a complaint states a *prima facie* case for the "strip down" relief which it requests.

stripped have the priority which allows them to be stripped. In this context, it is not enough to establish the date of perfection of a second or third mortgage—although these dates are critical to determining the default judgment. It is also necessary to establish the date of the perfection of the first mortgage.[5]

■■ The amount of the claim of entities having priority over the mortgage interests sought to be stripped is critical. If a creditor having a priority lien has filed a claim in a case, absent a separate contested matter which otherwise determines the amount of that claim to be invalid, the debt stated in that claim will be deemed to be the amount taken into account in the "strip down" formulation pursuant to 11 U.S.C. § 502(a)/Fed.R.Bankr.P. 3001(f). With respect to case number 05–65503, neither the Lake County Treasurer nor the first mortgage holder has filed a proof of claim. The Court *will not accept* the amount of the debt stated in schedules filed by the debtor as being the actual amounts owed to these creditors as of the date of the filing of the petition, and thus in any proceeding pursuant to Fed.R.Civ.P. 55(b)(2), it will be necessary for the debtor to establish the amount of the claims of priority creditors which are to be utilized in determining the "strip down" of inferior lien claims.

In the interests of judicial efficiency, the court has determined issues in relation to both adversary proceeding number 08–2109 and adversary proceeding number 08–2110 in this order, and this order will be entered in both adversary proceedings in conjunction with the court's order consolidating both of those adversary proceedings. The bottom line of the court's determination is the following:

1. Service of process has been effected with respect to JPMorgan Chase Bank, as Trustee; that entity has failed to appear or otherwise defend in adversary proceeding number 08–2109; and the plaintiff is entitled to an entry of default pursuant to Fed.R.Bankr.P. 7055/ Fed.R.Civ.P. 55(a) in that case with respect to that defendant.[6]

2. The defendant Paul R. Chael has failed to appear or otherwise defend with respect to adversary proceeding numbers 08–2109 and 08–2110, and the plaintiff is entitled to an entry of default against that defendant in both cases.

3. Service of process has been effectively made upon the defendant HSBC Mortgage Services, Inc. in adversary proceeding number 08–2110, and the plaintiff is entitled to an entry of default against that defendant.

■ 4. In order to proceed with default judgment against either of the principal defendants, the plaintiff must file a motion for default judgment. The court will then schedule a hearing pursuant to Fed.R.Bankr.P. 7055/Fed.R.Civ.P. 55(b)(2) to determine the plaintiff's entitlement to a default judgment.

IT IS ORDERED as follows:

A. Adversary proceeding number 08–2109 and 08–2110 will be consolidated by separate order.

B. This order will be entered in, and will be effective with respect to, the consolidated adversary proceeding.

---

5. The court notes that the record in neither case number 08–2109 nor 08–2110 establishes the date of perfection of the mortgage interests of the first mortgage holder.

6. To the extent that it matters, service of process has been effected on Homecoming Financial Network, Inc.; however, as the apparent beneficiary of what appears to be a bundled security trust, it would appear to be unnecessary to join Homecoming as a party.

C. The Clerk shall enter default with respect to the defendants JPMorgan Chase Bank, as Trustee; HSBC Mortgage Services, Inc.; Homecoming Financial Network, Inc.; and with respect to Paul R. Chael, as Chapter 13 Trustee, in the consolidated adversary proceeding.

D. Within 28 days of the date of entry of this order, the plaintiff shall file a motion for default judgment, including such evidence as it deems necessary pursuant to the guidelines stated in this order.

E. The court will then set a hearing to determine the nature of the evidence necessary to be submitted by the plaintiff in support of his motion for default judgment at a final hearing to be set by the court.